## Dunkle *versus* Charles Harrington and William Brenneman, to the use of William Brenneman.

1. Where a sheriff, at a public sale, turns aside from his official duty and agrees to deliver certain property, not in sight, but which he announces is included in the sale, he makes a personal contract and is liable in damages if he fails to fulfill it.

2. Where a sheriff denied any knowledge of property alleged to have been included in a public sale made by him, derived from a writ of prohibition directed to him at the suit of a third party and commanding him to prevent the removal of such property: *Held*, that the said writ duly returned as served by him was admissible in evidence to contradict him.

3. If the erroneous rejection of evidence cannot in any way affect a case, the court will not reverse on this ground, particularly where the introduction of similar evidence on the part of the defendant in error, has been successfully resisted by the plaintiff in error.

4. *Semble.* Parol evidence is admissible to prove the contents of the advertisement of a sheriff's sale.

November 21st 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clarion county:* Of January Term 1882, No. 266.

Assumpsit by Charles Harrington against B. B. Dunkle, sheriff, to recover damages for the alleged refusal of the defendant to deliver 400 feet of oil well casing claimed to have been purchased by the plaintiff at public sale.

In pursuance of a writ of levari facias, which issued June 15th 1878, at the suit of W. P. Bratton against Johnston & McIntyre, the defendant, then sheriff of Clarion county, sold, at public sale, a certain leasehold estate of the defendant's as there described. Charles Harrington and William Brenneman purchased the same for $385, which they paid to the sheriff's clerk. It was claimed by the purchasers that there were 400 feet of oil well casing, which passed to them by the sale, but which the sheriff failed to deliver, and they accordingly brought this suit.

On the trial before JENKS, P. J., the plaintiffs alleged that the day of the sale and before the bidding began Harrington inquired of the sheriff about the casing, which had been on the leasehold premises, but which was missing at this time; the sheriff told him, that 400 feet of casing belonged to the leasehold, but that he had lent it for use in an oil well on the Booth farm, and it was to have been returned before the sale, and he

said it should be included in the sale and delivered to the purchasers.

Three witnesses testified that the sheriff made the last statement publicly, before the sale, and their evidence was uncontradicted, except by the defendant himself, who, on being called, denied that he had given such notice, or that he had any knowledge that the casing was included in the levy. The defendant then offered to prove, by parol, the contents of the written or printed advertisements of the sale. Objected to by plaintiff and objection sustained. Exception. Subsequently the plaintiff made a like offer of evidence, which was ruled out, on objection by defendant.

The plaintiffs further offered in evidence a writ of prohibition, in a suit of a third party against McIntyre commanding the sheriff to hold the casing and prevent its removal. This writ described the casing and had endorsed on it the return of the sheriff in his own handwriting. This offer was objected to by defendant. Objection overruled. Evidence admitted. Exception. (First assignment of error.)

The plaintiffs submitted the following points:

(1) If B. B. Dunkle, at the sale to Harrington, said, I include in this sale 400 feet of casing, now on the Booth farm, and will deliver the casing to the purchaser, and on such promise the plaintiff purchased and Dunkle did not deliver the casing, and in consequence of its non-delivery it was lost to Harrington, the defendant is liable in this action for the value of the casing, and interest, from the time he agreed to deliver it.

THE COURT. We answer this point in the affirmative as follows: The sheriff does not warrant the title to property he sells on an execution put in his hands, but if, as charged in this case, the casing belonged to the leasehold, and was sold by the sheriff as so belonging, and he refused or failed to deliver it to the plaintiffs—the purchasers—he would be responsible to them for its value at the time of the sale. (Second assignment of error.)

(2) The court is respectfully requested to instruct the jury to disregard any testimony of B. B. Dunkle as to the contents of the advertisements, in making up the verdict.

Answer. We so instruct the jury. (Third assignment of error.) The court further charged the jury, inter alia, as follows:

" If you give a verdict for the plaintiffs you ought to give the value of the property lost to them. It is not what a man bids, but what he is entitled to for his bid, that you are to consider. But you will carefully weigh the testimony, and on the weight of the evidence decide who has the better side of the issue."

Verdict for the plaintiffs for $400, and judgment thereon. Whereupon the defendant took this writ of error assigning for

[Dunkle *v.* Harrington.]

error, the admission in evidence of the writ of prohibition; the answers to the plaintiffs' points, and the instruction to the jury contained in that portion of the charge above cited.

*Maffett* (with whom was *Ross*), for plaintiff in error.—The writ of prohibition was *res inter alios acta*, and its admission as evidence made a wrong impression on the jury: Cummings *v.* Gann, 52 Pa. St. 484. The sheriff should not be held individually responsible in this case, since he acted as the official agent of the court and could not legally make a personal contract, while performing a public duty: Van Epps *v.* Van Epps, 9 Paige 241; 4 Kent's Com. 438; Hawley *v.* Cramer, 4 Cowen 717; Pickett *v.* School Dist., 3 American Reports 105; 25 Wis. 551. The policy of the law prohibits such contracts: Stone *v.* Hayes, 3 Denio 579; 1 Parsons on Contracts, 74, 75; 1 Story's Equity 315, 316, 465; Vandever *v.* Baker, 13 Pa. St. 126. The purchaser on the other hand is bound to know the law, that the sheriff does not warrant title to property at such sales: Sowers *v.* Vie, 14 Pa. St. 99; Titusville &c. Appeal, 77 Pa. St. 103. There could be no binding contract in this transaction even if the sheriff gave his personal guarantee to deliver the casing because there was no consideration for it. The proper remedy would have been a motion to set aside the sale: Reigle *v.* Seiger, 2 P. & W. 340; Vandever *v.* Baker, 13 Pa. St. 121; Wood *v.* Levis, 14 Ibid. 9; Crawford *v.* Boyer, Ibid. 380. It is not pretended the sheriff made any fraudulent misrepresentation in the conduct of the sale. The verbal proof of contents of the advertisements, which were copies of the writ authorizing the sale, which was offered by the sheriff, was a material fact in his favor and the jury should have been allowed to consider it. It was not objected to on the ground that the advertisements themselves were the best evidence. The law does not presume that such advertisements are preserved: Weeks *v.* Haas, 3 W. & S. 520.

*Jenks* (with whom was *Wilson*), for defendant in error.—The sheriff's testimony that he knew nothing about the casing was contradicted by the writ of prohibition, which he had in his hands and which described the casing; it was also contradicted by the testimony of the other witnesses. It is admitted that the rule caveat emptor applies as to property sold by a sheriff at a sheriff's sale, but in this case the sheriff had the property in his possession and had lent it before the sale, while at the same time he gave his guarantee to deliver it to the purchaser. He must therefore be held personally liable for his failure to do so. As to the testimony of the defendant below in regard to

[Dunkle *v.* Harrington.]

the advertisements, it was excluded, because the plaintiffs proposed to rebut it, by proving their contents.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1883.

On the 15th day of June 1878, a writ of levari facias, at the suit of W. P. Bratton against Johnston and McIntyre, was issued to B. B. Dunkle, as sheriff of the county of Clarion, commanding him to sell a certain leasehold estate of the defendants as therein described. On the day of the sale and just before the bidding commenced, inquiries were made by Harrington of the sheriff concerning some four hundred feet of casing which had been upon the leasehold, but which at that time were missing. In answer thereto, the sheriff informed him that there was that amount of casing which belonged to the property ; that he had loaned it to some one interested in an oil well on the Booth farm ; that it was to have been returned before the sale ; that it should be included in the sale, and that he would deliver it to the purchaser. He also repeated publicly, that he would include the casing in the sale, and that he would deliver it to the purchaser. This is the testimony of the two Brennemans and of Charles Harrington ; it is corroborated by the evidence of Miles Sloan, and is contradicted by no one except the defendant himself. Induced by this declaration and agreement Dunkle, the plaintiff, bid off the property for the sum of three hundred and eighty five dollars, and at once paid this amount to the sheriff's clerk.

The learned counsel for the defendant contends that this evidence ought not to have been submitted to the jury for the purpose of establishing a personal undertaking on the part of the sheriff to sell and deliver the casing. But why not? Had he as a private person been selling the property as his own, no one ; we think, would contend that he would not have been bound by such a contract. His duty as an officer was a plain one ; he had but to pursue the directions of his writ without undertaking either to sell or deliver what was not in his possession. Doubtless he would have so done but for the fact that he had previously and unwarrantably intermeddled with the property and made himself personally liable therefor by loaning it to an operator on the Booth farm. Herein is found not only the reason, but the consideration, for this anomalous contract. By this arrangement with the purchaser at his sale, the sheriff relieved himself from the undoubted obligation which he was under, to the plaintiff in the writ, to account for the casing which he had disposed of. If then this contract was made for his own benefit, why was it not personal, and why cannot it be enforced as such ? We have as yet heard no reason which ought to induce

[Bowser's Appeal.]

us to adopt a contrary conclusion, and we, therefore, cannot agree to sustain the second and fourth assignments of the plaintiff in error.

Of the two remaining exceptions little need be said, as they are of no consequence. The writ of injunction, or prohibition, was properly admitted for the purpose proposed, the contradiction of the defendant. It was directed to the sheriff and by him executed, and it might fairly be presumed that he knew its contents. In fact, however, an inspection of the paper shows it to have been of so little account as a matter of evidence, that we may well wonder why its admission was thought worthy of an exception.

As to the ruling out of the parol proof of the contents of the advertisements, we may, as an abstract proposition, admit that that action of the court was wrong, nevertheless, as we cannot see how evidence of that kind could at all affect the case in any way, we will not consent to reverse on a worthless abstraction, and this the rather as the defendant successfully opposed the introduction of the very same kind of evidence on the part of the plaintiff. The preceding acts of Dunkle, as sheriff, had really little or nothing to do with the main point of the case; the point on which alone it turned; the fact of there having been a personal contract, at the time of the sale, by which he undertook to deliver the property to the plaintiff. Upon the question of that contract the character of the advertisements could have no effect, hence their admission or rejection was alike unimportant.

The judgment is affirmed.